UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Zurich American Insurance Company

Plaintiff(s),

v.

Asphalt Paving Systems, Inc.

Defendant(s).

Civil No. 1:22-cv-01535

Christine P. O'Hearn, U.S.D.J.

**JOINT CERTIFICATION[1] OF THE CITIZENSHIP OF THE PARTIES IN DIVERSITY CASES[2]**

**PLAINTIFF(S):**

Zurich American Insurance Company
- ☐ Individual[3]
- ☑ Corporation[4]
- ☐ Partnership[5]
- ☐ Limited Liability Company[6]

State(s) of Citizenship: New York and Illinois.

- ☐ Individual
- ☐ Corporation
- ☐ Partnership
- ☐ Limited Liability Company

State(s) of Citizenship:

- ☐ Individual
- ☐ Corporation
- ☐ Partnership
- ☐ Limited Liability Company

State(s) of Citizenship:

In cases where one or more Plaintiffs are partnerships or LLCs, list all partners or members and their citizenship. This space should also be used where there are more than three Plaintiffs.

**DEFENDANT(S):**

| Name | Type | State(s) of Citizenship |
|---|---|---|
| Asphalt Paving Systems, Inc. | ☐ Individual<br>☑ Corporation<br>☐ Partnership<br>☐ Limited Liability Company | New Jersey. |
|  | ☐ Individual<br>☐ Corporation<br>☐ Partnership<br>☐ Limited Liability Company |  |
|  | ☐ Individual<br>☐ Corporation<br>☐ Partnership<br>☐ Limited Liability Company |  |

In cases where one or more Defendants are partnerships or LLCs, list all partners or members and their citizenship. This space should also be used where there are more than three Defendants.

**AMOUNT IN CONTROVERSY:**

Amount in controversy, exclusive of interests and costs:[7] Amounts in excess of $1,779,735.

Describe the basis of the calculation of amount in controversy. If the basis of the calculation refers to a "pleading, motion, order or other paper,"[8] include the ECF citation to the record.

The amount in controversy includes, but is not limited to, alleged actual damages that Zurich seeks to recover from Asphalt Paving for an unpaid, past due premium invoice of $1,779,735 issued in connection with the parties' 2020-21 policy year. The invoice is attached as Exhibit K to Zurich's Amended Complaint. (*See* ECF No. 24.) Separate and apart from this invoice, Zurich seeks to recover additional amounts from Asphalt Paving, including additional compensatory damages, prejudgment interest, punitive damages, statutory damages, treble damages, investigative costs, costs of suit, and attorneys' fees.

Pursuant to 28 U.S.C. § 1746 and Fed. R. Civ. P. 11, I certify that the foregoing is true and correct.

/s/ Christopher B. Fontenelli

Appearing on behalf of Plaintiff(s)

Date 6/1/2022

/s/ Colin Bell

Appearing on behalf of Defendant(s)

Date 5/31/2022

This form may be replicated as necessary. Additional sheets may be added.

[1] As of January 11, 2022, the Court entered a standing order that this Joint Certification be executed by the parties and filed in diversity cases within 30 days of the filing of a Notice of Removal, or where the Complaint is initially filed in this Court, 30 days after an answer, other responsive pleading, or motion has been filed.

[2] Parties may not consent to jurisdiction, and federal courts have an independent obligation to address issues of subject matter jurisdiction *sua sponte* and may do so at any stage of the litigation. *Zambelli Fireworks MFG. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010); *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) ("The principal federal statute governing diversity jurisdiction, 28 U.S.C. § 1332, gives federal district courts original jurisdiction of all civil actions ' between . . . citizens of different States' where the amount in controversy exceeds $75,000. For over two hundred years, the statute has been understood as requiring complete diversity between all plaintiffs and all defendants, even though only minimal diversity is constitutionally required." (citation omitted)); *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 382 (1998) ("The presence of the nondiverse party automatically destroys original jurisdiction: No party need assert the defect. No party can waive the defect or consent to jurisdiction. No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own." (citation omitted)).

[3] 28 U.S.C. § 1332(a)(1); *McNair v. Synapse Grp. Inc.*, 672 F.3d 213, 219 n.4 (3d Cir. 2012) (citing *Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972) ("[M]ere residency in a state is insufficient for purposes of diversity [of citizenship].")).

[4] 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . ."); *S. Freedman & Co., Inc. v. Raab*, 180 F. App'x 316, 320 (3d Cir. 2006) (explaining that "'[i]n order to adequately establish diversity jurisdiction, a complaint must set forth with specificity a corporate party's state of incorporation and its principal place of business,'" and affirming dismissal of complaint alleging that corporation maintained "a principal place of business," rather than "its principal place of business" (quoting *Joiner v. Diamond M Drilling Co.*, 677 F.2d 1035, 1039 (5th Cir. 1982))). The parties are directed to list the state of incorporation and principal place of business of the corporation.

[5] A partnership, as an unincorporated entity, takes on the citizenship of each of its partners. *Zambelli Fireworks MFG. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (citation omitted). The parties are directed to list each partner and its citizenship.

[6] The citizenship of an LLC is determined by the citizenship of each of its members. *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). The parties are directed to list each member and its citizenship.

[7] 28 U.S.C.A. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . ."); *Auto–Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 395 (3d Cir. 2016) ("[T]he party invoking diversity jurisdiction . . . bears the burden to prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000." (citing *Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 506–07 (3d Cir. 2014))).

[8] 28 U.S.C. § 1446(b)(3).