Christopher B. Fontenelli (082532014)
LOCKE LORD LLP
One Gateway Center
Newark, New Jersey 07102
Telephone:  973-520-2300

*Counsel for Plaintiff Zurich American
Insurance Company*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Zurich American Insurance Company | Civil Action No.: |
| Plaintiff, | |
| | 1:22-cv-01535-CPO-MJS |
| vs. | |
| Asphalt Paving Systems, Inc. | |
| Defendant. | |

## ZURICH'S RESPONSE TO
## <u>MOTION TO DISMISS COUNTS SEVEN, EIGHT, AND NINE</u>

## **TABLE OF CONTENTS**

INTRODUCTION ...................................................................................................1

LEGAL STANDARD.............................................................................................3

ARGUMENT ..........................................................................................................4

    1.    The Economic Loss Doctrine Does Not Bar Zurich's Common Law Fraud In Inducement Claim (Count Seven). ........................................................4

    2.    Zurich Sufficiently Pled All Required Elements for Common Law Fraud (Count Seven) and Statutory Insurance Fraud (Count Eight).....................8

    3.    Zurich's Unjust Enrichment Claim (Count Nine) Is Not Premised On An Express Contract. ......................................................................................12

CONCLUSION .....................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)..............................................................................................4

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)..............................................................................................4

*Bracco Diagnostics, Inc. v. Bergen Brunswig Drug Co.*,
226 F. Supp. 2d 557 (D.N.J. 2002)......................................................................7

*Evanston Ins. Co. v. Neuromonitoring Techs.*,
No. 18-11497, 2021 WL 1016017 (D.N.J. Mar. 17, 2021)..................................7

*First Pennsylvania Banking & Tr. Co. v. U. S. Life Ins. Co. in City of
New York*,
421 F.2d 959 (3d Cir. 1969) ....................................................................2, 8, 10

*G & F Graphics Servs. v. Graphic Innovators, Inc.*,
18 F. Supp. 3d 583 (D.N.J. 2014)....................................................................2, 6

*Gordon v. Dailey*,
No. 14-7495, 2018 WL 1509080 (D.N.J. Mar. 27, 2018)....................................6

*Grant Indus. v. Isaacman*,
No. 21-cv-13094, 2022 WL 2358422 (D.N.J. June 30, 2022) .......................3, 12

*Grudkowski v. Foremost Ins. Co.*,
556 Fed. Appx. 165 (3d Cir. 2014)....................................................................12

*Jewish Ctr. of Sussex Cnty. v. Whale*,
432 A.2d 521, 524..........................................................................................2, 11

*Jurista v. Amerinox Processing, Inc.*,
492 B.R. 707 (D.N.J. 2013) .................................................................................3

*Ledley v. William Penn Life Insurance Company*,
651 A.2d 92 (N.J. 1995) ....................................................................................10

*Lithuanian Commerce Corp. v. Sara Lee Hosiery*,
219 F. Supp. 2d 600 (D.N.J. 2002) ........................................................................6

*Music Sales Ltd. v. Charles Dumont & Son, Inc.*,
800 F. Supp. 2d 653 (D.N.J. 2009) ........................................................................4

*New Skies Satellites, B.V. v. Home2US Communs., Inc.*,
9 F. Supp. 3d 459 (D.N.J. 2014) ............................................................................3

*RNC Sys., Inc. v. Modern Tech. Grp., Inc.*,
861 F. Supp. 2d 436 (D.N.J. 2012) ........................................................................7

*State Capital Title & Abstract Co. v. Pappas Bus. Servs., LLC*,
646 F. Supp. 2d 668 (D.N.J. 2009) ........................................................................7

*In re Tri-State Armored Services, Inc.*,
366 B.R. 326 (D.N.J. 2007) ..................................................................................11

*UBI Telecom Inc. v. KDDI Am., Inc.*,
No. 13-1643, 2014 WL 2965705 (D.N.J. June 30, 2014) ......................................6

*USI Int'l, Inc., v. Festo Didactic, Inc.*,
No. 15-8451, 2016 WL 4487858 (D.N.J. Aug. 24, 2016) ....................................12

*Victaulic Co. v. Tieman*,
499 F.3d 227 (3d Cir. 2007) ..................................................................................3

*Walid v. Yolanda for Irene Couture, Inc.*,
40 A.3d 85 (N.J. App. 2012) ................................................................................11

**Other Authorities**

*First Pennsylvania Banking & Tr. Co* ......................................................................10

Rule 12(b)(6)..........................................................................................................3, 10

## ZURICH'S RESPONSE TO
## MOTION TO DISMISS COUNTS SEVEN, EIGHT, AND NINE

Plaintiff Zurich American Insurance Company ("Zurich") submits this Response opposing Defendant Asphalt Paving Systems, Inc.'s ("Asphalt Paving") Motion to Dismiss portions of Zurich's Amended Complaint (ECF No. 30, the "Motion"). The Court should deny the Motion because Zurich has sufficiently stated actionable claims for common law fraud in the inducement (Count Seven), statutory insurance fraud (Count Eight), and unjust enrichment (Count Nine).

## INTRODUCTION

Zurich brings this breach of contract and fraud action to recover millions of dollars in money damages arising out of (a) Asphalt Paving's breach of business auto insurance policies entered into between Zurich and Asphalt Paving for five consecutive years, and (b) Asphalt Paving's material misrepresentations to Zurich in connection with that insurance coverage. Specifically, Asphalt Paving intentionally underreported the number of owned autos in its fleet, thereby disguising the true nature of the risk insured and cheating Zurich out of needed premium. If Zurich had known the true number of owned autos, Zurich would have charged Asphalt Paving millions more or not offered the insurance coverage at all.

Zurich's Amended Complaint asserts causes of action for breach of contract, fraud, and unjust enrichment. Asphalt Paving does not seek to dismiss the breach of

1

contract counts, but attacks the remainder of the Amended Complaint for alleged failure to state a claim.  The Motion should be denied on three grounds:

First, the economic loss doctrine does not apply to common law fraudulent inducement claims, like the one asserted by Zurich in Count Seven.  *See G & F Graphics Servs. v. Graphic Innovators, Inc.*, 18 F. Supp. 3d 583, 589 (D.N.J. 2014).  Thus, the doctrine does not bar Zurich's fraud claim well-founded on allegations that (a) Asphalt Paving lied to Zurich in policy applications by failing to report hundreds of owned autos, (b) Zurich relied on the lies when it decided to offer insurance coverage to Asphalt Paving, and (c) Zurich would never have insured Asphalt Paving if it knew the truth.  (Am. Compl. at ¶¶ 86-90.)

Second, Zurich's Counts Seven and Eight more than satisfy the pleadings requirements for both common law fraud and statutory insurance fraud, where Zurich alleges in detail how (a) Asphalt Paving made repeated, on-going, and material misrepresentations to Zurich about the number of owned autos, and (b) Zurich reasonably relied on those misrepresentations when offering coverage and calculating the policy premium.  (Am. Compl. at ¶¶ 24-31.)  New Jersey courts reject Asphalt Paving's position that Zurich should have caught the fraud sooner, recognizing that persons who engage in fraud "may not urge that one's victim should have been more circumspect or astute."  *Jewish Ctr. of Sussex Cnty. v. Whale*, 432 A.2d 521, 524 n.1 (N.J. 1981).

Third, Zurich permissibly pled its unjust enrichment Count Nine in the alternative to its breach of contract claims.  As such, there are no grounds to dismiss the inconsistent theories.  *See Grant Indus. v. Isaacman*, No. 21-cv-13094, 2022 WL 2358422, at *19 (D.N.J. June 30, 2022).

## **LEGAL STANDARD**

Rule 12(b)(6) motions to dismiss are disfavored.  *New Skies Satellites, B.V. v. Home2US Communs., Inc.*, 9 F. Supp. 3d 459, 468 (D.N.J. 2014) (citing *Caldwell Trucking PRP Group v. Spaulding Composites, Co.*, 890 F. Supp. 1247, 1252 (D.N.J. 1995)) ("Since the long-established federal policy of civil litigation is to decide cases on the proofs, district courts generally disfavor Rule 12(b)(6) motions.").  In considering such a motion, courts must accept all facts pled as true and view them in the light most favorable to the plaintiff. *Jurista v. Amerinox Processing, Inc.*, 492 B.R. 707, 743-44 (D.N.J. 2013).  To survive dismissal, a complaint need not contain detailed factual allegations, but must merely allege facts that "raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact)." *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted)).

At bottom, a claim should not be dismissed unless it is "beyond doubt" that the plaintiff cannot prove plausible facts that support the claim and would justify

relief. *Twombly,* 550 U.S. at 561. The complaint need only contain "enough facts to state a claim for relief that is plausible on its face." *Music Sales Ltd. v. Charles Dumont & Son, Inc.*, 800 F. Supp. 2d 653, 656 (D.N.J. 2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 663 (2009). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Zurich's Amended Complaint satisfies these standards.

## **ARGUMENT**

### 1. **The Economic Loss Doctrine Does Not Bar Zurich's Common Law Fraud In Inducement Claim (Count Seven).**

Asphalt Paving seeks to dismiss Zurich's Count Seven on grounds that it is purportedly barred by the economic loss doctrine. Asphalt Paving is wrong because the doctrine does not apply to fraudulent inducement claims. Indeed, Asphalt Paving concedes that a fraudulent inducement claim is an exception to the economic loss doctrine. (Motion at 10.)

Here, Zurich specifically alleges that, in advance of each policy year, Asphalt Paving submitted applications to Zurich misrepresenting the number of owned autos. Zurich further alleges that it relied on those misrepresentations when deciding whether to offer insurance coverage to Asphalt Paving, and that Zurich would not

have offered the insurance if it knew the truth.  For example, the Amended

Complaint states:

> 86.   **Asphalt Paving misrepresented to Zurich the number of owned autos, including in the applications that Asphalt Paving submitted to Zurich before each policy year incepted**.

> 87.   Asphalt Paving knew that its representations to Zurich were false.

> 88.   **Asphalt Paving intended that Zurich rely on its false representations so that Zurich would offer the insurance coverage to Asphalt Paving** and charge less premium.

> 89.   **Zurich relied on Asphalt Paving's false representations when it offered the insurance coverage to Asphalt Paving, and Asphalt Paving thus fraudulently induced Zurich to enter into the insurance policies.**

> 90.   As a result of Asphalt Paving's false representations, Zurich has suffered substantial damages. **If Zurich had known Asphalt Paving's true number of owned autos, Zurich would have** charged Asphalt Paving additional premium or **not offered the insurance coverage to Asphalt Paving at all.**

(emphasis added.)  The above and other allegations go to Asphalt Paving having

fraudulently induced Zurich to enter into the insurance policies in the first instance,

based on misrepresentations that Asphalt Paving made to Zurich *before* the policies

were in effect.  Zurich's common law fraud Count therefore falls squarely within the

exception to the economic loss doctrine.  The fact that Asphalt Paving also lied to Zurich once the policies were issued does not change this result.

Misrepresentations made during the "pre-contractual" stage are extraneous to the contract, and therefore constitute a fraudulent inducement excepted from the economic loss doctrine.  *G & F Graphics Servs. v. Graphic Innovators, Inc.*, 18 F. Supp. 3d 583, 593 (D.N.J. 2014) (finding fraudulent inducement exception to the economic loss doctrine where the seller of a printing press represented "[d]uring its negotiations" with the buyer that it was selling one machine, when it actually sold another once the contract was executed); *Gordon v. Dailey*, No. 14-7495, 2018 WL 1509080, at *7 (D.N.J. Mar. 27, 2018) (applying fraudulent inducement exception to the economic loss doctrine where a seller made misrepresentations prior to the execution of the contracts); *Lithuanian Commerce Corp. v. Sara Lee Hosiery*, 219 F. Supp. 2d 600, 606-08 (D.N.J. 2002) (finding fraudulent inducement exception to economic loss doctrine where a party misrepresented the quality of a product prior to entering into the contract); *UBI Telecom Inc. v. KDDI Am., Inc.*, No. 13-1643, 2014 WL 2965705, at *16 (D.N.J. June 30, 2014) (finding fraudulent inducement exception to economic loss doctrine where a party made misrepresentations about its intention to provide certain support to the other party before entering into a contract).

The many cases cited by Asphalt Paving are all distinguishable on the same ground—they do not concern situations where a party was fraudulently induced into entering a contract, as Zurich was here.  *See, e.g.*, *Bracco Diagnostics, Inc. v. Bergen Brunswig Drug Co.*, 226 F. Supp. 2d 557, 564 (D.N.J. 2002) (the plaintiff did not dispute that its claim related to alleged fraud in the performance of the contract); *State Capital Title & Abstract Co. v. Pappas Bus. Servs., LLC*, 646 F. Supp. 2d 668, 677 (D.N.J. 2009) (the allegations giving rise to the fraud claim occurred months after the contract was executed); *RNC Sys., Inc. v. Modern Tech. Grp., Inc.*, 861 F. Supp. 2d 436, 451-53 (D.N.J. 2012) (alleged fraudulent conduct occurred after the contract was executed).

Contrary to its assertions, Asphalt Paving had an independent duty to provide truthful information in connection with its policy applications, as New Jersey has repeatedly recognized fraudulent inducement claims based on misrepresentations contained in applications.  *See, e.g., Evanston Ins. Co. v. Neuromonitoring Techs.*, No. 18-11497, 2021 WL 1016017, at *3 (D.N.J. Mar. 17, 2021) (finding plaintiff insurer adequately pled a fraudulent inducement claim based on allegations that defendant surgical center failed to disclose a botched surgery in policy application). And Zurich's damages flowing from its fraudulent inducement claim do not necessarily mirror those available for breach of contract, as incorrectly asserted by Asphalt Paving, where Zurich seeks not only additional premium calculated based

on the formulas contained in the policies, but also losses flowing from Zurich ever having extended insurance to Asphalt Paving at all.  (*See* Am. Compl. at ¶ 90.)

Based on the above, there are no grounds to dismiss Zurich's Count Seven because the economic loss doctrine does not apply to Zurich's claim for common law fraud in the inducement.

### 2. Zurich Sufficiently Pled All Required Elements for Common Law Fraud (Count Seven) and Statutory Insurance Fraud (Count Eight).

Asphalt Paving next attacks Zurich's claims for common law fraud and statutory insurance fraud on grounds that Zurich purportedly knew or should have known that Asphalt Paving was lying to it.  Whether and when Zurich discovered indicia of fraud are fact questions that cannot be resolved on a motion to dismiss. *See First Pennsylvania Banking & Tr. Co. v. U. S. Life Ins. Co. in City of New York*, 421 F.2d 959, 963 (3d Cir. 1969) (whether the insurance company was "put on notice to elicit further information … should be submitted to a jury or to a judge as a finder of fact.").

In its Amended Complaint, Zurich alleges that Asphalt Paving made material misrepresentations to Zurich in the policy applications, and in subsequent policy audits.  (Am Compl. at ¶¶ 24-31.)  Zurich alleges that these misrepresentations occurred year-after-year in multiple submissions, and that Zurich relied on the misrepresentations in deciding whether to extend insurance coverage to Asphalt Paving and what to charge Asphalt Paving for that coverage.  (*Id.* at ¶¶ 24-31, 86-

91.)    The Amended Complaint describes how Asphalt Paving intentionally unreported hundreds of owned autos.  For example, for the 2020-21 policy year alone, Zurich alleges that Asphalt Paving failed to disclose 199 owned autos generating an additional $1.7 million in premium owed.  (*Id.* at ¶¶ 21-23.)

The above allegations more than satisfy any pleading requirements for materiality and reliance, and Asphalt Paving does not assert otherwise.  Instead, Asphalt Paving contends that the allegations are negated by other portions of the Amended Complaint.   Specifically, in support of its damages, Zurich alleges two instances where Asphalt Paving asserted insurance claims and received benefits for owned autos that it never disclosed to Zurich, and Zurich alleges that there are likely others.  (*Id.* at ¶¶ 32-36.)  According to Asphalt Paving, these instances put Zurich on notice of the fraud scheme, requiring dismissal of Counts Seven and Eight. (Motion at 16-17.)  This argument fails for at least two reasons:

First, Zurich specifically alleges that the two insurance claims did not tip it off to Asphalt Paving's fraud, and with good reason.  Zurich pleads:

> Among other reasons, Zurich did not discover Asphalt Paving's fraud until January 2021 (as described above) given the over one hundred claims reported, Asphalt Paving's on-going misrepresentations and false assurances to Zurich that it had reported all owned autos, the fact that the audits occurred after the policy expiration dates, and Asphalt Paving's deception at the time of the audits.

( Am Compl. at ¶ 36.)  Such allegations must be accepted as true on a motion to dismiss, and any questions as to what Zurich either knew or should have known based on the insurance claims are fact questions incapable of resolution under Rule 12(b)(6).  *See, e.g.*, *First Pennsylvania Banking & Tr. Co.*, 421 F.2d at 963.

Second, Asphalt Paving misstates the standards surrounding when an insurer may reasonably rely on an insured's representations.  Asphalt Paving's paraphrasing of *Ledley v. William Penn Life Insurance Company* is misleading, as the New Jersey Supreme Court actually states the following:

> An insurer's duty to investigate further arises 'only when the independent investigation ... discloses sufficient facts to seriously impair the value' of the application. Moreover, [t]he mere fact that an insurer makes an investigation does not absolve the applicant from speaking the truth nor lessen the right of the insurer to rely upon his statements, unless the investigation discloses facts sufficient to expose the falsity of the representations of the applicant or which are of such a nature as to place upon the insurer the duty of further inquiry. Consequently, the *Cronin* court concluded that an insurer's duty to investigate is limited.

651 A.2d 92, 97 (N.J. 1995) (citations omitted).  This decision thus confirms that the insured maintains its duty of "speaking the truth," and that the insurer has a "right" to rely on the insured's statements. *Id*.

*Ledley* also confirms that a duty to investigate further arises only if a party actually conducts an initial independent investigation that reveals troubling information.  *See id*.  Even where "the insurer is aware of 'red flags', New Jersey

courts consistently hold that the insurer's failure to investigate more fully, or to investigate at all, will not vitiate the opportunity of the insurer to reasonably rely on the presumed truthfulness of the information in the application." *In re Tri-State Armored Services, Inc.*, 366 B.R. 326, 342 (D.N.J. 2007). This rule exists because people who engage in fraud "may not urge that one's victim should have been more circumspect or astute." *Jewish Ctr. of Sussex Cnty. v. Whale*, 432 A.2d 521, 524 n.1 (N.J. 1981); *see also Walid v. Yolanda for Irene Couture, Inc.*, 40 A.3d 85, 93 (N.J. App. 2012) (finding that while it may have been "advisable" for the plaintiffs to conduct an additional investigation, "they were under no duty to do so.")

Here, there are no allegations that Zurich conducted an "independent investigation" suggesting Asphalt Paving had committed fraud. Instead, Asphalt Paving lied to Zurich in the applications, and then doubled-down on the lies during the policy audits. Zurich alleges "when Zurich conducted its audit each year, Asphalt Paving actively concealed and/or misrepresented the true number of its owned autos, thereby preventing Zurich from discovering the actual owned autos." (Am. Compl. at ¶ 29.) Zurich therefore reasonably relied on Asphalt Paving's material misrepresentations, satisfying all necessary elements for Counts Seven and Eight.

### 3. Zurich's Unjust Enrichment Claim (Count Nine) Is Not Premised On An Express Contract.

Asphalt Paving moves to dismiss Zurich's unjust enrichment claim as barred by the breach of contract claims. (Motion at 19.) Zurich permissibly pled these inconsistent counts in the alternative, and particularly in light of its fraud allegations. *See, e.g., Grudkowski v. Foremost Ins. Co.*, 556 Fed. Appx. 165, 170 n.8 (3d Cir. 2014) ("pleading both breach of contract and unjust enrichment is plausible only when the validity of the contract itself is actually disputed."); *Grant Indus. Inc., v. Isaacman*, No. 21-cv-13094, 2022 WL 2358422, at *19 (D.N.J. June 30, 2022) (citing *Simonson v. Hertz Corp.*, No. 10-cv-1585, 2011 WL 1205584, at *6 (D.N.J. Mar. 28, 2011)) ("While a plaintiff may not recover on both a breach of contract claim and an unjust enrichment claim, a plaintiff may plead alternative and inconsistent legal causes of action arising out of the same facts."); *USI Int'l, Inc., v. Festo Didactic, Inc.*, No. 15-8451, 2016 WL 4487858, at *2 (D.N.J. Aug. 24, 2016) ("[P]laintiff is entitled to plead a claim for unjust enrichment as an alternative to breach of contract.").

## CONCLUSION

For all of the above reasons, the Court should deny the Motion and allow Zurich to proceed with all Counts of its Amended Complaint. Having defrauded Zurich, Asphalt Paving should be held to answer as to fraud.

Dated:  July 18, 2022                              By: /s/ *Christopher B. Fontenelli*

Christopher B. Fontenelli (082532014)
LOCKE LORD LLP
One Gateway Center
Newark, NJ 07102
T: 973.520.2300
cfontenelli@lockelord.com

Steven T. Whitmer (*pro hac vice*)
Julie L. Young (*pro hac vice*)
Hannah M. Oswald (*pro hac vice*)
111 South Wacker Drive
Chicago, Illinois 60606
T: 312.443.0254
swhitmer@lockelord.com
jyoung@lockelord.com
hannah.oswald@lockelord.com

*Attorneys for Plaintiff Zurich American*
*Insurance Company*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have on this 18th day of July 2022, served a copy of

the foregoing on the following counsel of record through the ECF filing system:

John F. Palladino (042771989)
Colin G. Bell (018552005)
HANKIN SANDMAN PALLADINO
WEINTROB & BELL, P.C.
30 S. New York Avenue
Atlantic City, NJ 08401
john@hankinsandman.com
coling@hankinsandman.com


/s/  *Christopher B. Fontenelli*
Christopher B. Fontenelli