**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Zurich American Insurance Company | Civil Action No.: |
| Plaintiff, | 1:22-cv-01535-CPO-MJS |
| vs. | **JOINT MOTION TO EXTEND CASE MANAGEMENT DEADLINES** |
| Asphalt Paving Systems, Inc. | |
| Defendant. | |

Plaintiff Zurich American Insurance Company ("Zurich") and Defendant Asphalt Paving Systems, Inc. ("Asphalt"), pursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Rule 6.1, jointly move this Court to extend all remaining case management deadlines by approximately 80 days. This is the parties' second request for an extension of these deadlines. In support, the parties jointly state:

### A. Procedural History

1. Zurich commenced this action against Asphalt on March 18, 2022, and Asphalt was served with process on March 25, 2022. (ECF Nos. 1, 5.)

2. Thereafter, Asphalt filed a partial motion to dismiss, and Asphalt objected to discovery while the motion to dismiss was pending. (ECF Nos. 30, 34.)

3. On January 13, 2023, this Court entered an Order granting in part and denying in part Asphalt's motion to dismiss. (ECF No. 35-36.)

### B. Scheduling Order

4. The Court conducted an Initial Conference on March 1, 2023. (ECF No. 39.)

5. Following the Initial Conference, the Court entered its Scheduling Order setting various case management deadlines. (ECF No. 42.)

6. The parties filed a Joint Motion to Extend Case Management Deadlines on September 8, 2023 seeking a 60-day extension. (ECF Nos. 46, 47.) The Court granted the motion and extended the deadlines. The current deadline to conclude pretrial factual discovery is January 30, 2024. (ECF No. 48.)

### C. Discovery Completed to Date

#### Written Discovery

7. Consistent with the Scheduling Order, the parties each made initial disclosures by March 15, 2023 and served their initial written discovery requests by April 1, 2023. (ECF No. 42 at ¶ 1). Zurich served supplemental written discovery requests on November 16 and December 6, 2023.

8. Zurich's responses to Asphalt's written discovery requests are complete, and there are no disputes surrounding those responses. Asphalt's responses to Zurich's initial written discovery requests are complete, and the parties are meeting and conferring concerning Asphalt's responses to Zurich's supplemental written discovery requests.

9. Additionally, Zurich served subpoenas for documents on six third-parties, including Asphalt's insurance brokers and several state departments of motor vehicles. The parties are still awaiting a response to one of these subpoenas, which is expected by January 19, 2024.

#### Oral Discovery

10. Zurich served seven notices of deposition directed to Asphalt's employees and representatives, and two subpoenas for depositions directed to Asphalt's brokers. These depositions are scheduled to proceed in January and February 2024.

11. Asphalt requested the depositions of two Zurich employees, and those depositions are scheduled to proceed in March 2024. Asphalt has also indicated that it plans to depose a Zurich corporate representative.

### D. Request for Extension of Time

12. The parties seek an 80-day extension of time so that there is additional time to complete fact discovery, including the 12 expected depositions. The parties further request that expert discovery similarly be extended by 80 days, as the fact discovery will be important to the expert opinions.

13. An approximately 80-day extension results in the following updated case management schedule:

|  | **Current Deadline** | **Extended Deadline** |
| --- | --- | --- |
| Pretrial factual discovery | January 30, 2024 | April 19, 2024 |
| Plaintiff's expert disclosures | February 15, 2024 | May 6, 2024 |
| Defendant's expert disclosures | March 15, 2024 | June 3, 2024 |
| Expert depositions | April 16, 2024 | July 8, 2024 |
| Dispositive motions | May 15, 2024 | August 3, 2024 |

14. This motion is made prior to the expiration of the existing discovery period. (*See* ECF No. 48.)

15. The parties previously filed one request to extend the schedule, which was granted. (ECF Nos. 46, 48.)

16. "Good cause" exists to modify the Scheduling Order because "the deadlines set forth in the scheduling order 'cannot reasonably be met despite the diligence of the party seeking the extension,'" for the reasons explained above. *Castellani v. City of Atl. City,* No. 13-5848

3

(RMB/AMD), 2015 U.S. Dist. LEXIS 186949, at *5 (D.N.J. Aug. 4, 2015); *see also Hall v. Cole*, No. 08-5904 (NLH/AMD), 2009 U.S. Dist. LEXIS 88635, at *7 (D.N.J. Sept. 25, 2009) (finding good cause for an extension).

WHEREFORE, the parties jointly and respectfully request the Court to enter an Order extending the remaining case management deadlines by approximately 80 days, consistent with Paragraph 13 above. A proposed order is submitted herewith.

**JOINTLY SUBMITTED BY:**

| **PLAINTIFF** | **DEFENDANT** |
|---|---|
| /s/ Christopher B. Fontenelli | /s/ Amanda Szmuc |
| Christopher B. Fontenelli (082532014)<br>LOCKE LORD LLP<br>One Gateway Center<br>Newark, NJ 07102<br>T: 973-520-2300<br>cfontenelli@lockelord.com | John F. Palladino (042771989)<br>Colin G. Bell (018552005)<br>Amanda Szmuc (409552022)<br>HANKIN SANDMAN PALLADINO<br>WEINTROB & BELL, P.C.<br>30 S. New York Avenue<br>Atlantic City, NJ 08401<br>T: 609-344-5161<br>john@hankinsandman.com<br>coling@hankinsandman.com<br>amandas-h@hankinsandman.com |
| Steven T. Whitmer (*pro hac vice*)<br>Julie L. Young (*pro hac vice*)<br>Hannah M. Oswald (*pro hac vice*)<br>LOCKE LORD LLP<br>111 South Wacker Drive<br>Chicago, IL 60606<br>T: 312-443-0254<br>swhitmer@lockelord.com<br>jyoung@lockelord.com<br>hannah.oswald@lockelord.com | *Attorneys for Defendant Asphalt Paving Systems, Inc.* |
| *Attorneys for Plaintiff Zurich American Insurance Company* | |