

60 Park Place
Suite 404
Newark, NJ 07102
Telephone: 973-520-2300
Fax: 212-303-2754
www.lockelord.com

Christopher B. Fontenelli
Direct Telephone: 212-912-2730
Direct Fax: 888-325-9702
christopher.fontenelli@lockelord.com

May 30, 2024

**VIA CM/ECF**

Hon. Matthew J. Skahill
United States Magistrate Judge
Mitchell H. Cohen U.S. Courthouse
One John F. Gerry Plaza
Fourth and Cooper Streets
Camden, NJ 08101

Re: **Zurich American Insurance Company v. Asphalt Paving Systems, Inc.**
 **Docket No.: 1:22-cv-01535-CPO-MJS**
 **Discovery Dispute**

Dear Judge Skahill:

We represent Plaintiff Zurich American Insurance Company ("Zurich") in the above-referenced lawsuit pending against Defendant Asphalt Paving Systems, Inc. ("Asphalt"). Zurich submits this letter, pursuant to Court's Scheduling Order (ECF No. 42) and Local Civil Rule 37.1, to raise a discovery dispute. Specifically, Zurich asks that the Court direct Asphalt to (a) make three Asphalt employees and representatives available for deposition, and (b) produce missing Asphalt auto records, all without further delay and before the quickly approaching June 18, 2024 fact discovery cut-off.

**Zurich's Claims Against Asphalt.**

Zurich brings this breach of contract and insurance fraud action to recover millions of dollars in money damages arising out of (a) Asphalt's breach of business auto insurance policies entered into between Zurich and Asphalt for five consecutive years, and (b) Asphalt's material

May 30, 2024
Page 2

misrepresentations to Zurich in connection with that insurance. As described in Zurich's Amended Complaint, the policies covered Asphalt's fleet of autos, including all autos owned by Asphalt. (*See* ECF No. 24 at ¶¶ 10–15.) In exchange for that coverage, Asphalt agreed to pay premium to Zurich based on the number of owned autos. (*Id.* at ¶¶ 16–20.) For each policy year, Asphalt told Zurich the number of autos that it owned—first on applications submitted at policy inception and second at audits conducted shortly after the polices expired. (*Id.* at ¶¶ 18–19.) Zurich then multiplied the number of owned autos times an agreed composite rate to determine the premium due. (*Id.* at ¶¶ 17–20.)

Zurich now knows that Asphalt engaged in a pattern and practice of intentionally misrepresenting the number of owned autos to Zurich in order to improperly reduce the premium charges. (*Id.* at ¶ 24.) Asphalt failed to disclose hundreds of owned autos to Zurich. (*Id.* at ¶¶ 25–29.) These misrepresentations spanned all five policy years and caused millions of dollars in damages. (*Id.* at ¶ 24.) If Zurich had known Asphalt's true number of owned autos, Zurich would have charged additional premium or not offered the insurance coverage to Asphalt at all. (*Id.* at ¶ 30.)

Through this lawsuit, among other relief, Zurich seeks (a) compensatory damages for Asphalt's breaches of contract, and (b) treble damages, fees, and costs for Asphalt's violations of the New Jersey Insurance Fraud Prevention Act, N.J. Stat. Ann. § 17:33A-7. (*Id.* at Counts 1–5, 8.) Zurich alternatively asserts claims for unjust enrichment. (*Id.* at Count 9.) Asphalt generally denies Zurich's allegations and disputes liability. (*See* ECF No. 38.)

May 30, 2024
Page 3

### The Scheduling Order.

The Court entered a Scheduling Order on March 2, 2023 requiring all fact discovery to be complete by November 30, 2023. (ECF No. 42 at ¶ 4.) That deadline has already been extended three times due to Asphalt's discovery delays, and the current fact discovery cut-off is June 18, 2024. (*See* ECF No. 54.) This latest deadline is quickly approaching and Zurich seeks the Court's assistance in obtaining needed discovery before the cut-off.

### The Applicable Discovery Standards.

It is "well recognized that the federal rules allow broad and liberal discovery." *Pacini v. Macy's*, 193 F.3d 766, 777–78 (3d Cir. 1999). Parties may seek discovery regarding any "nonprivileged matter that is relevant to any party's claim or defense" and that is "proportional to the needs of the case, considering…the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "When establishing the parameters of discovery relevance, it is the claims and defenses of the parties, in the Complaint and other pleadings, which set the guardrails for discoverable information." *Deibler v. SanMedica Int'l, LLC*, No. 19-cv-20155, 2021 WL 6198062, at *4 (D.N.J. Dec. 30, 2021) (citations omitted).

The party seeking discovery must show that the "information sought is relevant to the subject matter of the action and may lead to admissible evidence." *Carver v. City of Trenton*, 192 F.R.D. 154, 159 (D.N.J. 2000). Once that initial burden is met, the opposing party must then demonstrate that "the requested documents either do not come within the broad scope of relevance defined pursuant to Federal Rule of Civil Procedure 26(b)(1) or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor

May 30, 2024
Page 4

of broad disclosure.'"  *Baier v. Princeton Off. Park, L.P.*, No. 3:08-cv-5296, 2018 WL 5253288, at *4 (D.N.J. Oct. 22, 2018) (quotations omitted).

Zurich describes below the patent relevance of the depositions and documents it seeks, along with its extensive efforts to obtain this discovery from Asphalt.

A.   **The Three Depositions at Issue.**

Zurich has long pursued the following three deposition from Asphalt:

1.   **Robert Capoferri Deposition.**  Mr. Capoferri is Asphalt's owner and a core witness disclosed by both sides as someone with important knowledge about the disputes. Among other things, Zurich seeks to depose Mr. Capoferri concerning the number of autos Asphalt owned during the policy periods and Asphalt's related disclosures to Zurich. Zurich served a notice for Mr. Capoferri's deposition almost six months ago on December 6, 2023. Since that time, Asphalt has repeatedly and unilaterally cancelled this deposition on short notice, resulting in months-long delays, including as follows:

- Zurich noticed this deposition for January 22, 2024, but Asphalt stated that Mr. Capoferri could not appear until February 14. On February 6, Asphalt unilaterally cancelled the February 14 deposition stating that "the noticed deponents from APS have informed us that February 13th, 14th, and 15th are dates upon which they cannot appear for depositions," notwithstanding that Asphalt selected those dates.

- At Asphalt's request, Zurich reset Mr. Capoferri's deposition for April 18. On April 10, Asphalt again unilaterally cancelled this deposition, citing scheduling conflicts.

May 30, 2024
Page 5

- At Asphalt's request, Zurich reset Mr. Capoferri's deposition for May 16. On May 8, Asphalt again unilaterally cancelled this deposition, providing no explanation and stating only "we will unfortunately need to reschedule."

Since May 8, Zurich has repeatedly followed-up with Asphalt to reschedule Mr. Capoferri's deposition to no avail. On May 24, Asphalt stated that Mr. Capoferri could not appear for his deposition until the week of July 22, a month after the fact discovery cut-off. Zurich has no assurance that Asphalt will not cancel this deposition again, as it has previously done three times.

**2.      Joseph Meola Deposition.** Mr. Meola is Asphalt's insurance agent and risk manager and another core witness identified by each side in their initial disclosures. Among other things, Zurich seeks to depose Mr. Meola concerning the insurance applications and submissions he prepared for Zurich each policy year listing the autos Asphalt purportedly owned. As with Mr. Capoferri, Zurich served a notice for Mr. Meola's deposition almost six months ago on December 6, 2023. Since that time, Asphalt has again repeatedly and unilaterally cancelled this deposition on short notice with months-long delays, including as following:

- Zurich noticed the deposition for January 23, 2024, but Asphalt stated that Mr. Meola could not appear until February 15. On February 6, Asphalt unilaterally cancelled the February 15 deposition stating that "the noticed deponents from APS have informed us that February 13th, 14th, and 15th are dates upon which they cannot appear for depositions," notwithstanding that Asphalt selected those dates.

- At Asphalt's request, Zurich reset Mr. Meola's deposition for April 17. On April 10, Asphalt again unilaterally cancelled this deposition, citing scheduling conflicts.

- At Asphalt's request, Zurich reset Mr. Meola's deposition for May 15. On the evening of May 14, after counsel for Zurich traveled to Atlantic City for the deposition, Asphalt cancelled the deposition when one of its attorneys had a death in the family.

After May 14, Zurich followed-up with Asphalt to reschedule Mr. Meola's deposition. On May 24, Asphalt stated that Mr. Meola could not appear for his deposition until June 27, after the fact discovery cut-off. Zurich has no assurance that Asphalt will not cancel this deposition again, as it has previously done three times.

    **3.**     <u>**Corporate Representative Deposition.**</u>  Similar to the above, Zurich served a notice for the deposition of Asphalt's corporate representative almost six months ago on December 8, 2023, and Asphalt stated that Mr. Capoferri would serve as the representative for all topics. The topics generally concern the number of autos Asphalt owns and its related misrepresentations to Zurich. Asphalt again repeatedly and unilaterally cancelled this deposition on short notice with months-long delays, including as following:

- Zurich noticed the deposition for January 15, 2024, but Asphalt stated that Mr. Capoferri could not appear as the representative until February 13. On February 6, Asphalt unilaterally cancelled the February 13 deposition stating that "the noticed deponents from APS have informed us that February 13th, 14th, and 15th are dates upon which they cannot appear for depositions," notwithstanding that Asphalt selected those dates.

- At Asphalt's request, Zurich reset the corporate representative deposition for April 19. On April 10, Asphalt again unilaterally cancelled this deposition, citing scheduling conflicts.

- At Asphalt's request, Zurich reset the corporate representative deposition for May 17. On May 8, Asphalt again unilaterally cancelled the deposition, providing no explanation and stating only "we will unfortunately need to reschedule."

Since May 8, Zurich has repeatedly followed-up with Asphalt to reschedule the corporate representative deposition. On May 24, Asphalt stated that Mr. Capoferri could not appear for this deposition until the week of July 22, a month after the fact discovery cut-off. Zurich has no assurance that Asphalt will not cancel this deposition again, as it has previously done three times.

Based on the above, Zurich respectfully requests that the Court direct Asphalt to produce the witnesses for the above three depositions as required by Federal Rule of Civil Procedure 30 before the June 18 discovery cut-off or as soon thereafter as practicable. Counsel for the parties have met and conferred about these depositions on many occasions over the course of several months, including in writing, by videoconference, and by telephone. Unfortunately, the parties were not able to resolve their differences, necessitating this letter.[1]

B. **The Documents at Issue.**

Zurich served Asphalt with document requests requiring Asphalt to produce documents identifying all autos owned by Asphalt. (*See* Ex. A at Document Request Nos. 17 and 30.)

---

[1] Additionally, although Asphalt has noticed depositions of several Zurich current and former employees, Asphalt has again repeatedly cancelled the depositions. This has caused tremendous inconvenience for these Zurich witnesses, who have reserved unnecessary time on their calendars during busy work seasons. Asphalt has not provided proposed dates that it seeks to depose certain witnesses before the fact discovery cut-off, and Zurich does not agree to produce these witnesses after the cut-off.

May 30, 2024
Page 8

Zurich's interrogatory requests similarly requested that Asphalt list all autos owned by Asphalt during the policy years, including the dates Asphalt bought and sold the autos. (*See* Ex. B at Interrogatory Request No. 1.) In response, Asphalt produced 70,000 pages of auto records and directed Zurich to sift through them. Zurich spent significant time and expense reviewing these records to try to ascertain the information requested. Zurich now knows that Asphalt maintained this information in list form all along. Asphalt just did not produce the lists.

During their depositions, Asphalt accountant Lauren Rzucidlo and secretary Miriam Pontelandolfo identified the following categories of documents that are directly responsive to Zurich's document and interrogatory requests, but that Asphalt failed to produce in this matter. The witnesses specifically identified the following documents and where they are located:

    **1.** **<u>Fixed Asset Schedules.</u>** Ms. Rzucidlo testified that she maintains fixed asset schedules that identify all autos owned by Asphalt for each calendar year with line-item descriptions for each owned auto and information to identify when autos are sold. (Ex. C, Transcript (Excerpts) at 17–19, 21, 30–31, 36–38.) She described how the fixed asset schedules are prepared annually and accompany Asphalt's financial statements. (*Id.*) Ms. Rzucidlo also confirmed that she has copies of Asphalt's fixed asset schedules from 2016-2021, the timeframe of the Zurich policies. (*Id.* at 37.) Asphalt has not produced the fixed asset schedules.

    **2.** **<u>Tracking Spreadsheets.</u>** Ms. Pontelandolfo testified that she and another Asphalt employee (Danielle Cary) maintain spreadsheets to keep track of the make, model, registration, and identification numbers for the autos that Asphalt owns. (Ex. D, Transcript (Excerpts) at 36–41.) Ms. Pontelandolfo further testified that she periodically makes copies of these spreadsheets,

May 30, 2024
Page 9

and that she has versions of the spreadsheets showing the autos Asphalt owned every year between 2016–2021. (*Id*. at 43–46.) Asphalt did not produce the spreadsheets for this time period.

    **3.**    **IRP and IRS Filings.**  Ms. Pontelandolfo testified that she annually registers Asphalt autos with the International Registration Plan (IRP) and that she has copies of the final filings. (*Id.* at 68, 77.) She also testified that she is involved in preparing Asphalt's Form 2290s filed with the Internal Revenue Service (IRS). (*Id.* at 79–80.) Both filings contain information regarding the identification number, ownership and usage of the autos owned by Asphalt, but the filings were not produced.

Following the depositions, Zurich sent Asphalt letters on April 9 and 22 and May 22 addressing the missing documents, and counsel for Zurich and Asphalt also conferred about the documents by videoconference on April 29. While Asphalt agreed to produce these records, Asphalt has not yet done so, despite Zurich's repeated requests and several weeks passing. Among other things, these records are important evidence for Zurich's expert reports calculating the millions of dollars that Asphalt owes Zurich in unpaid premium, with the expert report deadline approaching on July 8. Zurich therefore respectfully requests that the Court direct Asphalt to immediately produce the missing records as required by Federal Rule of Civil Procedure 34.

    **Conclusion.**

In sum, the Court should require Asphalt to (a) make its three employees and representatives available for deposition before the fact discovery cut-off date or as soon thereafter as practicable, and (b) immediately produce the missing auto records outlined above. We thank the Court for its consideration of this matter.

May 30, 2024
Page 10

          Sincerely,

          LOCKE LORD LLP

          */s/ Christopher B. Fontenelli*
          Christopher B. Fontenelli


cc: All Counsel of Record by ECF Notice