**HANKIN SANDMAN PALLADINO WEINTROB & BELL**
*Counsellors At Law*

**John F. Palladino, Esquire**
Member of the New Jersey, Pennsylvania, Florida and New York Bars
john@hankinsandman.com
www.hankinsandman.com

June 12, 2024

via electronic filing system [CM/ECF]
Honorable Matthew J. Skahill
Mitchell H. Cohen U.S. Courthouse
One John F. Gerry Plaza
Fourth and Cooper Streets
Camden, NJ 08101

      RE:    Zurich American Insurance Company v. Asphalt Paving Systems, Inc.
               Docket No.: 1:22-cv-01535-CPO-MJS
               Reply to Plaintiff's May 30, 2024 Discovery Dispute Letter

Hon. Matthew J. Skahill,

Please be advised that this firm represents Defendant Asphalt Paving Systems, Inc. (hereinafter, "Asphalt") with respect to the above-captioned matter. Asphalt, by and through its counsel, files this letter in response to Plaintiff Zurich American Insurance Company ("Zurich")'s discovery dispute letter (the "Letter") submitted on May 30, 2024 (Doc. 50). Zurich's presentation of facts in support of its request for the Court to compel discovery is as erroneous as it is meritless.

## BACKGROUND

The need to extend discovery and all of the delays associated therewith can be credited to the simple fact that the designated nine (9) year time period in which Zurich seeks the overbroad production of documents related to hundreds upon hundreds of vehicles, equipment, and machinery that have ever been in Asphalt's possession and/or used in its operations in any capacity, a large number that are not covered under insurance policies at

Honorable Matthew J. Skahill
June 12, 2024
Page 2

issue, contains an exorbitant amount of documents and things. Notwithstanding the voluminous, mostly paper, files requiring investigation by Asphalt, Zurich further commanded the production of documents and things from inter alia McKee Risk Management, J. Byrne Agency, and several state agencies.

Notwithstanding the burden and expenses incurred, Asphalt has continuously examined all of its files in a conscious attempt to produce all documents deemed responsive to Zurich's requests. As discussed during the status conference on October 19, 2023, due to the immense number of documents, in response to overgeneralize to be reviewed by Asphalt and its counsel prior to production, Asphalt's allotted time for production would need to be adjusted accordingly.

The Letter tries to assert that Asphalt caused a delay in discovery through its conduct while scheduling depositions. The deposition schedule is simply red herring designed to distract from the reality that discovery in this matter has diligently progressed in accordance with standard practices in accordance with the Federal Rules of Civil Procedure.

DISCOVERY

It is well-established that "[t]he purpose of discovery is to uncover facts about the claims and defenses set forth in the pleadings[.]" Pearson Educ., Inc. v. Chegg, Inc., CV 21-16866, 2023 WL 3478467, at *4 (D.N.J. May 16, 2023), aff'd, 21CV16866MEFESK, 2024 WL 1157511 (D.N.J. Mar. 18, 2024) (citing In re Gerber Probiotic Sales Pracs. Litig., 306 F.R.D. 527, 538 (D.N.J. 2015) (citations omitted)). Fed. R. Civ. P. Rule 26 is generally construed broadly by the Courts; however, "the boundaries of relevance under [Federal Rule

of Civil Procedure] 26 depend on the context of each action." <u>Occidental Chem. Corp. v. 21st Century Fox Am., Inc.</u>, CV1811273MCALDW, 2023 WL 2300652, at *3 (D.N.J. Feb. 28, 2023) (quoting <u>In re Gerber Probiotic Sales Practices Litig.</u>, 306 F.R.D. 527, 528 (D.N.J. 2015)). Ultimately, the Courts concluded that "[t]he broad scope of the discovery rules and liberal interpretation given them by Courts shows that Congress realized that a '[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation.'" <u>Pearson Educ., Inc. v. Chegg, Inc.</u>, CV 21-16866, 2023 WL 3478467, at *4 (D.N.J. May 16, 2023), <u>aff'd</u>, 21CV16866MEFESK, 2024 WL 1157511 (D.N.J. Mar. 18, 2024) (quoting <u>Hickman v. Taylor</u>, 329 U.S. 495, 507-08 (1947) (emphasis added)).

In the above-captioned matter (the "Case") through its Amended Complaint and conduct during discovery, Zurich has sought detailed information relating to every vehicle and piece of equipment that was ever registered to Asphalt over the span of approximately nine (9) years. While it allows a broad scope as to what a party may obtain discovery, Fed. R. Civ. P. Rule 26 also provides a series of considerations that may limit the scope:

> Proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Despite the presence of several of the above-stated factors for limitation of allowable discovery, Asphalt has attempted to fully respond to each of Zurich's discovery requests. Contrary to Zurich's implications, discovery in the Case progressed in a manner consistent with the obligations under the Fed. R. Civ. P. The erroneous facts provided by Zurich are

presented in a manner which implies that Asphalt, and its counsel, conferred in bad faith. The Letter proclaims that "counsel for Zurich and Asphalt also conferred about the documents by videoconference on April 29. While Asphalt agreed to produce these records, Asphalt has not yet done so[.]" [Doc.59 p. 9]. Fed. R. Civ. P. 26(e) states

> (e) Supplementing Disclosures and Responses.
>
> (1) In General. A party who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission--must supplement or correct its disclosure or response:
>
> (A) <u>in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing;</u>
> (emphasis added)

Pursuant to this obligation, following the depositions, counsel immediately began working with Asphalt to invasively examine all systems and files to obtain the mentioned documents. In other words, Asphalt sought to supplement its previously produced documents in a "timely manner[.]" <u>Id.</u> As the Court explained,

> Rule 26(g) does not require perfection and does not impose an unreasonably high burden on litigants. It simply requires that a reasonable inquiry be made in the factual basis of a discovery response and that responses to discovery be complete and correct when made. Litigants must act responsibly and avoid abuse. <u>Younes v. 7-Eleven</u>, 312 F.R.D. 692 (D.N.J. 2015) (Schneider)

From the start of discovery Asphalt informed Zurich that Steve Plummer, who handled almost the entirety of Asphalt's insurance, had passed away prior to the initiation of the Case. That is, despite the investigations performed in search of responsive documents, access to

Steve Plummer's files was extremely limited; however, when certain files were subsequently discovered Asphalt continued to supplement its productions. The Letter is correct in that "Asphalt agreed to produce the[] records," and Asphalt did, in fact, do so. On June 7, 2024, Asphalt supplemented its previous document productions. Exhibit A (06.07.2024 Document Production). Zurich had represented to Asphalt that an agreement was reached to resolve the issue surrounding the documents.

The Local Rules make abundantly clear that in order to seek judicial intervention "the moving party [must] [have] conferred with the opposing party in a good faith effort to resolve by agreement the issues[.]" L.Civ.R. 37.1(b)(1). Moreover, to seek intervention by the Court regarding discovery disputes, the moving party must show that there was such a "good faith effort to resolve by agreement the issues[,]" and "the parties have been unable to reach agreement[.]" Id.; see also Locasio v. Balicki, 2010 Dist. LEXIS 135803(D.N.J. Dec. 23, 2010)(Kugler) ("Simply sending a letter to opposing counsel complaining about outstanding discovery does not satisfy Rule 37's good faith requirement.") Zurich concedes that "Asphalt agreed to produce the[] records[,]" thus proving that, pursuant to the Rules, no judicial intervention is necessary or warranted.

## DEPOSITIONS

Even with the long history of correspondence demonstrating Zurich's consent to a revised schedule, Zurich raises the implication that Asphalt is deliberately not producing Joesph Meola and Robert Capoferri for their depositions. (ECF. No. 50 pg. 4 - 7). Asphalt

Honorable Matthew J. Skahill
June 12, 2024
Page 6

concedes that there were several revisions made to the deposition schedule; however, to impute the need for revisions to exclusively Asphalt, as Zurich does in the Letter, is flawed.

Pursuant to subpoenas issued by Zurich, the first two depositions that were scheduled were the depositions of McKee Risk Management's representatives Chase Moresco and Robert Ivey. The deposition schedule was initially altered due to counsel for Chase Moresco and Robert Ivey cancelling and rescheduling the set depositions. Zurich raised no issue and agreed to re-schedule. For the Asphalt depositions, Asphalt never failed to appear, rather it ensured notice was given to Zurich. Similar to the McKee Risk Management, Inc.'s depositions, Zurich did not raise an issue, agreed to reschedule, and actively participated in the subsequent scheduling. Interestingly, with regard to the deposition schedule, Zurich also needed to cancel and reschedule a deposition. Additionally, the need to accommodate Zurich's subpoenaed witnesses, the revisions to the depositions were further delayed.

Though complaints were made during the communications surrounding the deposition schedule, the discussions have all resulted in an agreement between the parties with respect to the revisions. As Magistrate Judge Scheider in <u>Parker v. Atlantic City Bd. Of Educ.</u>, 2017 U.S. Dist. LEXIS 22871 (D.N.J. Feb 17, 2017) (Schneider):

> It is fundamental to our litigation system that parties rely on each other's good faith and professional responsibilities to comply with the Rules of Civil Procedure …
> … [P]arties have to rely on the good faith and integrity of opposing counsel to do what they are supposed to do. Otherwise, our litigation system could not survive.
> L.Civ.R.26.1 Comment 2.

Honorable Matthew J. Skahill
June 12, 2024
Page 7

Zurich seeking judicial intervention as to these depositions is essentially an accusation that Asphalt will not act in good faith. Moreover, it supports the insulting accusation that Asphalt has not acted in good faith or with integrity. Asphalt has agreed to produce Joseph Meola and Robert Capoferri for their scheduled depositions, and it shall do so.

## CONCLUSION

As discussed above, Asphalt has supplemented its production of documents upon learning that its previous production was incomplete and has agreed upon dates for the depositions of Joseph Meola and Robert Capoferri. At all times Asphalt has participated in the discovery process in good faith and in accordance with the Federal Rules of Civil Procedure as well as the Local Rules. Asphalt was proceeding with discovery with the understanding that all issues were resolved upon the agreement made when the parties conferred. Asphalt does not believe that judicial intervention is warranted at this time. While Asphalt strongly disagrees with the Letter, as supported by Zurich's repeated concerns about the upcoming deadline, Asphalt believes that it is in the best interest of both parties to extend the discovery end date as to allow for the full investigation of all relevant facts relevant to the claims and/ or defenses.

Respectfully submitted,

cc: All Counsel of Record
via ECF Notice

HANKIN SANDMAN PALLADINO
WEINTROB & BELL

By:   / s/   John F. Palladino
John F. Palladino, Esq.